UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Daniel Hemmah,

      Plaintiff,

v.                                                                                                 Civil No. 06-3887 (JNE/JJG)
                                                                             ORDER

City of Red Wing; Kay Kuhlmann, City Council
Administrator for the City of Red Wing, in her
official and individual capacities; Roger Seymour,
Employee Services Director for the City of Red
Wing, in his official and individual capacities; and
Dennis Tebbe, Public Works Director for the City
of Red Wing, in his official and individual
capacities,

      Defendants.

---

William J. Mavity, Esq., Mavity & Associates, appeared for Plaintiff Daniel Hemmah.

Patricia Y. Beety, Esq., League of Minnesota Cities, appeared for Defendants City of Red Wing, Kay Kuhlmann, Roger Seymour, and Dennis Tebbe.

---

      After the termination of his employment with the City of Red Wing (City), Daniel Hemmah brought this action against the City; Kay Kuhlmann, the City Council Administrator; Roger Seymour, the City's Employee Services Director; and Dennis Tebbe, the City's Public Works Director (collectively, Defendants). In Count I of his Complaint, Hemmah asserts a defamation claim. In Count V, he asserts a claim for violation of the Minnesota Government Data Practices Act. Cross-motions for partial summary judgment came before the Court on April 25, 2007. At the motion hearing, the Court denied Hemmah's motion, granted Defendants' motion, and dismissed Hemmah's claims for defamation and violation of the Government Data Practices Act. The following summarizes the Court's reasoning.

Hemmah worked for the City from 1977 to 2006. On April 24, 2006, the City placed Hemmah on administrative leave. Two days later, Hemmah was interviewed by Kuhlmann, Seymour, Tebbe, and Michael Waldspurger, the City Attorney. During the interview, Hemmah was presented with an option to resign or be terminated the following day. He was terminated on April 27. On May 3, a police officer personally delivered a letter of the same date from Kuhlmann to Hemmah confirming Hemmah's termination. The next day, Hemmah appealed his termination to Tebbe, and Tebbe denied the appeal. One week later, Hemmah appealed to Kuhlmann. She denied the appeal a few days later. In the meantime, on May 8, a reporter for the *Red Wing Republican Eagle* asked the City for Hemmah's termination letter, the City determined the letter to be public data, and the City disclosed the letter to the reporter. An article about Hemmah's termination appeared in the newspaper several days later. Hemmah's claims for violation of the Government Data Practices Act and defamation arise out of the letter's disclosure to the reporter.

*Government Data Practices Act*

"Generally, there is 'a presumption that government data are public and accessible by the public for both inspection and copying,' unless explicitly classified otherwise. Personnel data, however, are private unless they fit within a category of information specifically identified as public." *City of Duluth v. Duluth Police Local*, 690 N.W.2d 357, 359 (Minn. Ct. App. 2004) (citation omitted). With exceptions not relevant here, certain personnel data on current and former employees of a government entity is public, including "the final disposition of any disciplinary action together with the specific reasons for the action and data documenting the basis of the action." Minn. Stat. § 13.43, subd. 2(a)(5) (2006). Minnesota Statutes § 13.43, subd. 2(b), defines final disposition:

> For purposes of this subdivision, a final disposition occurs when the state agency, statewide system, or political subdivision makes its final decision about the disciplinary action, regardless of the possibility of any later proceedings or court proceedings. In the case of arbitration proceedings arising under collective bargaining agreements, a final disposition occurs at the conclusion of the arbitration proceedings, or upon the failure of the employee to elect arbitration within the time provided by the collective bargaining agreement. Final disposition includes a resignation by an individual when the resignation occurs after the final decision of the state agency, statewide system, political subdivision, or arbitrator.

The parties dispute whether the City reached a final disposition of Hemmah's termination before the May 3 letter's disclosure to the reporter.

Hemmah asserts that he had the right to contest his termination under the City's 2004 Personnel Policy Manual (2004 Manual).[1] Hemmah relies primarily on *Patterson v. Tenet Healthcare, Inc.*, 113 F.3d 832 (8th Cir. 1997), to support his assertion. In that case, the Eighth Circuit acknowledged that employee handbooks are generally not considered contracts under Missouri law, but enforced an arbitration clause that was "separate and distinct." 113 F.3d at 835. The facts that led the Eighth Circuit in *Patterson* to conclude that the arbitration clause was separate and distinct from the employee handbook are not present here. *See id.* The Court therefore is not persuaded by Hemmah's reliance on *Patterson*.

Under Minnesota law, "a disclaimer prevents an employee from claiming contractual rights under an employee handbook even when other provisions of the handbook are specific and unequivocal." *Miller v. Citizens Sec. Group, Inc.*, 116 F.3d 343, 349 (8th Cir. 1997); *see Ewald v. Wal-Mart Stores, Inc.*, 139 F.3d 619, 622 (8th Cir. 1998); *Audette v. Ne. State Bank of Minneapolis*, 436 N.W.2d 125, 127 (Minn. Ct. App. 1989). Here, the 2004 Manual contains numerous disclaimers. Hemmah therefore cannot claim contractual rights under the 2004 Manual.

---

[1] The City amended the manual on the same day that it placed Hemmah on administrative leave. For present purposes, the Court assumes without deciding that the 2004 Manual applies.

The parties do not dispute that Hemmah was an at-will employee and that Kuhlmann had final authority over disciplinary matters within the City. Accordingly, the final disposition of Hemmah's termination occurred upon Kuhlmann's decision to terminate his employment on April 27. *See* Minn. Stat. § 13.43, subd. 2(b).

The Court would reach the same conclusion even if Hemmah had contractual rights under the 2004 Manual. Section 50 of the manual provides that an employee may appeal decisions affecting his employment to his immediate supervisor. The employee may appeal the immediate supervisor's decision to a department head, whose decision may be appealed to the Council Administrator. Section 50 states that "[t]he Council Administrator's decision shall be final and non-appealable, except to arbitration as hereinafter provided." Section 50 also states that "[a]ll claims, disputes, or issues related to or arising out of the employment relationship or termination of employment, shall be submitted for resolution exclusively by arbitration." Again, Kuhlmann decided to terminate Hemmah's employment on April 27, and she had final authority over disciplinary matters within the City. Arbitration of Hemmah's discharge under section 50 would not have arisen under a collective bargaining agreement. Accordingly, the final disposition of Hemmah's termination occurred upon Kuhlmann's decision to terminate Hemmah's employment on April 27. *See id.* (defining final disposition for "arbitration proceedings arising under collective bargaining agreements").

In short, without regard to whether Hemmah had contractual rights under the 2004 Manual to contest his termination, the record, viewed in the light most favorable to Hemmah, reveals that the final disposition of his termination, for purposes of the Government Data Practices Act, took place on April 27. *See id.* The May 3 letter therefore was public data when

4

disclosed to the reporter on May 8. *See id.*, subd. 2(a)(5). Consequently, the letter's disclosure did not violate the Government Data Practices Act. *See City of Duluth*, 690 N.W.2d at 359.

*Defamation*

Under Minnesota law, "[p]ersons who disclose public personnel data are entitled to an absolute privilege from defamatory actions." *See Fieno v. State*, 567 N.W.2d 739, 741 (Minn. Ct. App. 1997). Because the May 3 letter was public data when disclosed to the reporter, Defendants are entitled to summary judgment on Hemmah's defamation claim.

*Conclusion*

Based on the files, records, and proceedings herein, and for the reasons stated above and at the motion hearing, IT IS ORDERED THAT:

1. Defendants' Motion for Partial Summary Judgment [Docket Nos. 13 & 25] is GRANTED.

2. Hemmah's Motion for Partial Summary Judgment [Docket No. 20] is DENIED.

3. Counts I and V of the Complaint [Docket No. 1] are DISMISSED WITH PREJUDICE.

Dated: April 26, 2007

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge