UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Daniel Hemmah,

    Plaintiff,

v.                                                                                                          Civil No. 06-3887 (JNE/JJG)
                                                                                                            ORDER
City of Red Wing; Kay Kuhlmann, City Council
Administrator for the City of Red Wing, in her
official and individual capacities; Roger Seymour,
Employee Services Director for the City of Red
Wing, in his official and individual capacities; and
Dennis Tebbe, Public Works Director for the City
of Red Wing, in his official and individual
capacities,

    Defendants.

William J. Mavity, Esq., Mavity & Associates, appeared for Plaintiff Daniel Hemmah.

Patricia Y. Beety, Esq., League of Minnesota Cities, appeared for Defendants City of Red Wing, Kay Kuhlmann, Roger Seymour, and Dennis Tebbe.

After the termination of his employment with the City of Red Wing (City), Daniel Hemmah brought this action against the City; Kay Kuhlmann, the City Council Administrator; Roger Seymour, the City's Employee Services Director; and Dennis Tebbe, the City's Public Works Director (collectively, Defendants). In April 2007, the Court granted summary judgment in Defendants' favor on Hemmah's claims of defamation and violation of the Minnesota Government Data Practices Act. Defendants now move for summary judgment on Hemmah's remaining claims of malicious wrong, negligent infliction of emotional distress, tortious interference with contract, and deprivation of property and liberty interests without due process. For the reasons set forth below, the Court grants in part and denies in part Defendants' motion.

1

*Malicious injury, negligent infliction of emotional distress, and
deprivation of property interest without due process*

While preserving his right to contest the April 2007 Order, Hemmah essentially concedes that it disposes of his claims of malicious injury, negligent infliction of emotional distress, and deprivation of a property interest without due process.  The Court dismisses his claims of malicious injury, *cf. Mahoney & Hagberg v. Newgard*, 729 N.W.2d 302, 310 (Minn. 2007), negligent infliction of emotional distress, *see Wallin v. Minnesota Department of Corrections*, 598 N.W.2d 393, 406 (Minn. Ct. App. 1999); *Covey v. Detroit Lakes Printing Co.*, 490 N.W.2d 138, 144 (Minn. Ct. App. 1992), and deprivation of a property interest without due process, *see Ewald v. Wal-Mart Stores, Inc.*, 139 F.3d 619, 622 (8th Cir. 1998); *Phillips v. State*, 725 N.W.2d 778, 783 (Minn. Ct. App.), *review denied* (Minn. Mar. 28, 2007).

*Deprivation of liberty interest without due process*

Hemmah claims that Defendants deprived him of a liberty interest without due process. Defamation of a government employee's reputation, good name, honor, or integrity in connection with the employee's termination, without giving the employee a name-clearing hearing, deprives the employee of a constitutionally protected liberty interest.  *Brown v. Simmons*, 478 F.3d 922, 923 (8th Cir. 2007).  Defendants first argue they are entitled to summary judgment because they did not make any defamatory statements that stigmatized Hemmah.  *See id.*  "The requisite stigma has generally been found when an employer has accused an employee of dishonesty, immorality, criminality, racism, and the like."  *Winegar v. Des Moines Indep. Cmty. Sch. Dist.*, 20 F.3d 895, 899 (8th Cir. 1994).  Here, Hemmah's termination letter could reasonably be construed to accuse him of dishonesty.

Defendants next argue that summary judgment is appropriate because they did not make any defamatory statements about him in the course of his termination.  *See Brown*, 478 F.3d at

923. Defendants explain that the City disclosed Hemmah's termination letter to a reporter after the final disposition of his termination. The Court rejects Defendants' argument that the timing of the letter's disclosure necessarily indicates that defamatory statements about Hemmah were not made in the course of his termination. *See Speer v. City of Wynne*, 276 F.3d 980, 982, 985 (8th Cir. 2002); *accord Patterson v. City of Utica*, 370 F.3d 322, 335 (2d Cir. 2004); *Renaud v. Wyo. Dep't of Family Servs.*, 203 F.3d 723, 727 (10th Cir. 2000); *Campanelli v. Bockrath*, 100 F.3d 1476, 1482-83 (9th Cir. 1996).

Finally, Defendants move for summary judgment on the ground that the City provided sufficient hearings to Hemmah. *See Brown*, 478 F.3d at 923. "Where a government employee has been sufficiently stigmatized, the employee's procedural due process rights are vindicated by a 'name-clearing hearing at a meaningful time' during which the employee can respond to the employer's accusations." *Winskowski v. City of Stephen*, 442 F.3d 1107, 1110 (8th Cir.) (quoting *Schleck v. Ramsey County*, 939 F.2d 638, 642 (8th Cir. 1991)), *cert. denied*, 127 S. Ct. 435 (2006). Pre- and post-termination hearings may be required. *Id.* The pre-termination hearing need not be elaborate. *Id.* "To the contrary, all that is required is that the employee 'have notice of the charges . . . , an explanation of the employer's evidence, and an opportunity [for the employee] to present his side of the story." *Id.* (alteration in original) (quoting *Schleck*, 939 F.2d at 641-42). "[A]s long as there are adequate post-termination hearings available, the pre-termination hearing need not be extensive." *Schleck*, 939 F.2d at 641.

In this case, Hemmah maintains that his pre-termination hearing was insufficient because he was first presented with the substance of the allegations against him at the hearing. The Court rejects this argument. *See Coleman v. Reed*, 147 F.3d 751, 754 (8th Cir. 1998). Hemmah also argues that the pre-termination hearing was insufficient because his requests to retrieve evidence

3

and to call persons to refute the allegations were denied. Because a pre-termination hearing generally does not have to be a full evidentiary hearing, the Court rejects this argument. *See Heinen v. Brewer*, 171 F.3d 612, 614 (8th Cir. 1999) (concluding "bare-bones approach to a predeprivation hearing" satisfied minimal requirements of *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985)); *Schleck*, 939 F.2d at 641.

With regard to a post-termination hearing, Defendants contend that Hemmah failed to ask for one. "[W]hen suing for deprivation of a name-clearing hearing, a plaintiff must prove that he sought one before litigation." *Winskowski*, 442 F.3d at 1112. Here, Hemmah pursued appeal procedures set forth in the City's personnel policy manual. In response to a letter from Kuhlmann informing him that his appeal process was concluded, Hemmah asked whether he should submit information to contest assertions in his termination letter to Kuhlmann or the City Council. Although Hemmah did not explicitly request a name-clearing hearing, "[a] discharged employee need not use the term 'name-clearing hearing.'" *Rosenstein v. City of Dallas*, 876 F.2d 392, 396 (5th Cir. 1989), *modified*, 901 F.2d 61 (5th Cir. 1990) (per curiam). Instead, "the employee must . . . petition the employer in a manner that can be construed as asking for an opportunity to clear his name." *Bledsoe v. City of Horn Lake*, 449 F.3d 650, 653 (5th Cir. 2006); *cf. Winskowski*, 442 F.3d at 1111 ("[A]n employee who fails to request post-termination process cannot later sue for having been deprived of it."); *Ludwig v. Bd. of Trs.*, 123 F.3d 404, 411 (6th Cir. 1997) (concluding that plaintiff failed to "sufficiently apprise" defendant of his desire for a name-clearing hearing). Drawing all reasonable inferences in Hemmah's favor, the Court concludes that Hemmah's request to submit information to contest assertions made in his termination letter could be construed as a request for an opportunity to clear his name.

In short, viewing the record in the light most favorable to Hemmah, the Court concludes that a reasonable factfinder could find that defamatory statements that stigmatized Hemmah were made in the course of his termination and that Hemmah did not receive a name-clearing hearing at a meaningful time. The Court therefore denies Defendants' motion insofar as it relates to Hemmah's claim for a deprivation of a liberty interest without due process.

*Tortious interference with contract*

Hemmah asserts claims of tortious interference with contract against Seymour, Tebbe, and Kuhlmann. Although Hemmah was an at-will employee, Minnesota law recognizes that "a tortious interference claim will lie for an at-will employment agreement." *Nordling v. N. States Power Co.*, 478 N.W.2d 498, 505 (Minn. 1991); *see Piekarski v. Home Owners Sav. Bank, F.S.B.*, 956 F.2d 1484, 1495 (8th Cir. 1992). Since a party cannot interfere with its own contract, Hemmah's claims fail unless Seymour, Tebbe, or Kuhlmann acted outside the scope of their employment when terminating Hemmah's employment. *See Piekarski*, 956 F.2d at 1495; *Nordling*, 478 N.W.2d at 505-06. If actual malice motivated Seymour, Tebbe, or Kuhlmann, then they were not acting within the scope of their employment. *See Piekarski*, 956 F.2d at 1495; *Nordling*, 478 N.W.2d at 506-07. Hemmah bears the burden of proving actual malice. *See Piekarski*, 956 F.2d at 1495; *Nordling*, 478 N.W.2d at 507. Seymour, Tebbe, and Kuhlmann contend that Hemmah cannot meet his burden.

With regard to Seymour, Hemmah does not point to any evidence that demonstrates actual malice. The Court therefore dismisses the claim against Seymour.

As to Kuhlmann, Hemmah relies on alleged misrepresentations in the termination letter, but he does not direct the Court to any evidence that actual malice motivated Kuhlmann to make them. The Court therefore dismisses the claim against Kuhlmann. *See Piekarski*, 956 F.2d at 1495; *Nordling*, 478 N.W.2d at 507.

Finally, Hemmah maintains that actual malice motivated Tebbe to cause Hemmah's termination. In support, Hemmah relies on the deposition testimony of Jay McCleary, the City's Deputy Director of Government Services, Public Works Department. McCleary testified that Tebbe expressed ill will toward or unhappiness with Hemmah, but McCleary remembered neither "specific words" nor "specific times." McCleary also testified that Tebbe did not want Hemmah working for him because Hemmah "would not accept the fact that every decision was [Tebbe's] to make." McCleary's testimony does not raise a genuine issue of material fact as to whether actual malice motivated Tebbe. *See Piekarski*, 956 F.2d at 1495-96 (holding that personality conflict does not constitute actual malice unless the reason for the conflict would give the employee a claim against the employer for wrongful discharge).

Hemmah also states in his affidavit that the City Finance Director told him that Tebbe was "after" him and very upset with him. Tebbe argues that the City Finance Director's alleged statements are hearsay because Hemmah has not demonstrated that the statements concerned a matter within the scope of City Finance Director's employment. *See* Fed. R. Evid. 801(d)(2)(D). "[T]o gain admission of a statement, the proffering party must show that the statement was within the declarant's scope of employment." *Ahlberg v. Chrysler Corp.*, 481 F.3d 630, 636 (8th Cir. 2007); *see Erickson v. Farmland Indus., Inc.*, 271 F.3d 718, 728 (8th Cir. 2001). Hemmah has not made this showing. Thus, the Court declines to consider the City Finance Director's alleged statements. Because Hemmah has not raised a genuine issue of material fact as to whether actual malice motivated Tebbe to cause Hemmah's termination, the Court dismisses Hemmah's claim of tortious interference with contract against Tebbe.

*Conclusion*

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendants' motion for summary judgment [Docket No. 35] is GRANTED IN PART and DENIED IN PART.

2. Count II of the Complaint is DISMISSED WITH PREJUDICE.

3. Count III of the Complaint is DISMISSED WITH PREJUDICE.

4. Count IV of the Complaint is DISMISSED WITH PREJUDICE.

5. Count VI of the Complaint is DISMISSED WITH PREJUDICE insofar as Hemmah alleges a deprivation of a property interest without due process.

Dated: February 26, 2008

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge