**INSTRUCTION NO. 1**

COURT'S FINAL INSTRUCTIONS TO THE JURY

HEMMAH V. CITY OF RED WING   06CV3887  (JNE/JJG)

TRIAL COMMENCING MAY 26, 2009

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect.  I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now.  You must not single out some instructions and ignore others, because all are important.  This is true even though some of those I gave you earlier are not repeated here.

The instructions I am about to give you now are in writing and will be available to you in the jury room.  I emphasize, however, that this does not mean they are more important than my earlier instructions.  Again, all instructions, whenever given and whether in writing or not, must be followed.

If your recollection of my earlier instructions conflicts in any way with the instructions I give you now, the instructions I give you now control.

**INSTRUCTION NO. 2**

Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdict should be.

**INSTRUCTION NO. 3**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider a witness's intelligence, the opportunity a witness had to see or hear the things testified about, a witness's memory, any motives a witness may have for testifying a certain way, the manner of a witness while testifying, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

**INSTRUCTION NO. 4**

The evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, and all exhibits received in evidence regardless of who may have produced them.

Statements and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statement, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

**INSTRUCTION NO. 5**

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

**INSTRUCTION NO. 6**

In these instructions you are told that your verdict depends on whether you find certain facts have been proved. The burden of proving a fact is upon the party whose claim depends upon that fact. The party who has the burden of proving a fact must prove it by the greater weight of the evidence. To prove something by the greater weight of the evidence is to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable. If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved.

The greater weight of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard which applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

**INSTRUCTION NO. 7**

The City of Red Wing is a municipal corporation. A corporation acts only through its agents or employees and any agent or employee of a corporation may bind the corporation by acts and statements made while acting within the scope of the authority delegated to the agent by the corporation, or within the scope of his or her duties as an employee of the corporation.

## INSTRUCTION NO. 8

The Constitution prevents the government from depriving a person of life, liberty, or property without due process of law. A person's good name or reputation qualifies as a liberty interest that is protected by due process. Accordingly, when, in connection with an employee's termination, a governmental employer makes statements that may damage the employee's good name or reputation, the employee may be entitled to an opportunity to rebut the allegations in what is known as a name-clearing hearing after those allegations have been made public.

To establish that he or she was wrongfully denied a name-clearing hearing, a plaintiff must prove the following elements:

First, the defendant's reasons for the terminating the plaintiff's employment stigmatized the plaintiff by seriously damaging his or her standing and association in the community or by foreclosing employment opportunities that may otherwise have been available;

Second, the defendant made the reason or reasons public;

Third, the plaintiff denied the charges that led to the his termination;

Fourth, the plaintiff requested a name-clearing hearing; and

Fifth, the defendant failed to offer the plaintiff a name-clearing hearing.

In this case, it has already been determined that Mr. Hemmah has proved these elements and that he was entitled to a name-clearing hearing. Specifically, you are instructed that the May 3, 2006, letter to Mr. Hemmah contained stigmatizing statements; that those statements were made public; that Mr. Hemmah denied the charges against him; that Mr. Hemmah requested a name-clearing hearing in May 2006; and that the City of Red Wing did not offer Mr. Hemmah a name-clearing hearing until August 2006.

You are further instructed that statements in the May 3, 2006, letter are false to the extent that they indicate that Mr. Hemmah (1) falsely represented his own opinions as the opinions of

8

**INSTRUCTION NO. 8**

Bassam Banat, Gary Lokken, and Glenn Sanders; (2) provided misleading or incomplete information to Bassam Banat, Gary Lokken, and Glenn Sanders; (3) caused the December 22, 2005, memorandum to contain false information; and (4) made false statements in the April 26, 2006, interview.

**INSTRUCTION NO. 9**

  For a name-clearing hearing to be adequate, what is required is that the aggrieved party be offered a chance by the public employer to try to refute the charges against him at a meaningful time and in a meaningful manner.  There is no requirement that a name-clearing hearing result in a retraction or an official statement actually clearing the employee's name.  While the former employee must be permitted to address the charges against him, he does not have to be given the chance to call witnesses.  Neither a full trial-type hearing nor formal procedures are required, and the employer need not in fact reconsider its decision to terminate the employee.

  You are instructed that the offer of a name-clearing hearing by the City of Red Wing to Mr. Hemmah in August of 2006 was constitutionally adequate.

**INSTRUCTION NO. 10**

You must award Mr. Hemmah such sum, if any, as you find by the greater weight of the evidence will fairly and justly compensate him for any actual damages you find he sustained as a direct result of the denial of his request for a name-clearing hearing by the City of Red Wing.

In this case, actual damages do not include any wages or benefits Mr. Hemmah would have earned through continued employment with the City of Red Wing if he had not been discharged in 2006.  Actual damages may include damages for mental and emotional distress stemming from denial of the name-clearing hearing, provided those damages are actually proven, but not damages for distress stemming from loss of his job with the City of Red Wing.

You are also instructed that the plaintiff has a duty under the law to "mitigate" his damages—that is, to exercise reasonable diligence under the circumstances to minimize his damages.  Therefore, if you find by the greater weight of the evidence that the plaintiff failed to seek out or take advantage of an opportunity that was reasonably available to him, you must reduce his damages by the amount he reasonably could have avoided if he had sought out or taken advantage of such an opportunity.  It would be a violation of your duty as jurors to guess or speculate about what might have been, or to base a damage award on speculation, guess, or conjecture.  You must not award any actual damages by way of punishment or through sympathy.

**INSTRUCTION NO. 11**

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges — judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

*Third*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone — including me — how your votes stand numerically.

*Fourth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be — that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. The form reads: [read form].

**INSTRUCTION NO. 11**

You will take this form to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.