UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Daniel Hemmah,

   Plaintiff,

v.                    Civil No. 06-3887 (JNE/JJG)
                      ORDER

City of Red Wing,

   Defendant.

  In June 2008, Plaintiff tried to a jury his claim against Defendant for denial of a name-clearing hearing, and Plaintiff prevailed. In ruling on the parties' post-trial motions, the Court held that Plaintiff's damages were limited to compensation for injuries incurred between the initial denial of his request for a name-clearing hearing in May 2006 and Defendant's subsequent offer of a name-clearing hearing in August 2006. *See Hemmah v. City of Red Wing*, 592 F. Supp. 2d 1134, 1142-44 (D. Minn. 2008). The Court further held that the jury's award of $100,000.00 in damages for that period was excessive, and the Court gave Plaintiff the choice between remittitur in the amount of $50,000.00 and a new trial on the issue of damages. *See id.* at 1144-46. Plaintiff refused to remit the damage award, and, at the conclusion of a second trial on damages in May 2009, a jury awarded Plaintiff zero dollars. Judgment was entered in the amount of one dollar in nominal damages. The case is before the Court on Plaintiff's Motion for an Order Altering or Amending the Judgment to Correct a Clear Error of Law.

  Plaintiff argues that the Court erred when it rejected his request to instruct the second jury that denial of a name-clearing hearing caused him actual injury and required an award of monetary damages. Plaintiff contends that the first jury determined that he suffered actual injury and that the Court, in its Order resolving post-trial motions following the first trial, made a finding that this determination was supported by the evidence. He asserts that, as a result, he was

1

not required to prove actual injury in the second trial. Plaintiff claims that, had the Court instructed the jury as requested, "the verdict [in the second trial] would have been substantially different" because "the second Jury had no way of knowing or understanding that Hemmah had indeed suffered actual injury." He seeks an order amending the judgment to award him $100,000.00 in damages or, alternatively, a new trial on damages.[1]

---

[1] In his memorandum, Plaintiff states that the Court erred by entering judgment in his favor in the amount of one dollar in nominal damages. Defendant's memorandum in opposition to Plaintiff's motion argues that "[b]ecause Plaintiff's position has and continues to be that the Court should not award nominal damages in this case, the resulting jury verdict of zero damages precludes his prevailing party status" and judgment should be entered in favor of Defendant. The Court believes that Defendant misunderstands Plaintiff's position. Perhaps because Defendant's request is made in a memorandum rather than a separate motion, Plaintiff has not filed any response. However, it appears that, consistent with his present motion, Plaintiff objects to the judgment because he believes it should contain an award of damages greater than one dollar and not because he believes he did not establish Defendant's liability in the first trial. Because Plaintiff prevailed in establishing Defendant's liability in the first trial, he is automatically entitled to an award of nominal damages. *See Farrar v. Hobby*, 506 U.S. 103, 107, 112 (1992) (stating, in a case where a court of appeals had ordered entry of judgment for nominal damages on remand, that a court is obligated "to award nominal damages when a plaintiff establishes the violation of his right to procedural due process but cannot prove actual injury"); *Carey v. Piphus*, 435 U.S. 247, 266-67 (1978) ("We therefore hold that if, upon remand, the District Court determines that respondents' suspensions were justified [meaning that respondents suffered no actual damages], respondents nevertheless will be entitled to recover nominal damages not to exceed one dollar from petitioners."); *Lowry ex rel. Crow v. Watson Chapel Sch. Dist.*, 540 F.3d 752, 762 (8th Cir. 2008) ("The jury was required to award plaintiffs nominal damages, and therefore, the district court did not abuse its discretion in amending the judgment to reflect a nominal damage award as a matter of law."); *Salitros v. Chrysler Corp.*, 306 F.3d 562, 574 (8th Cir. 2002) ("We have, in fact, held that liability for nominal damages follows automatically from a finding of certain constitutional violations."); *Risdal v. Halford*, 209 F.3d 1071, 1072 (8th Cir. 2000) ("The Supreme Court in *Farrar* . . . ruled that trial courts must award nominal damages when a plaintiff establishes a violation of the right to due process but is unable to prove actual injury."). The Court stated as much during the parties' discussion of a possible jury instruction regarding nominal damages, at which time Plaintiff indicated that he had no intention of waiving the verdict on liability or any resulting right to claim prevailing party status. *Cf. Warren v. Fanning*, 950 F.2d 1370, 1374 (8th Cir. 1991) (concluding that the district court did not commit plain error resulting in a miscarriage of justice when it denied a motion to amend the judgment to add nominal damages where the plaintiff had requested an erroneous nominal damages instruction).

Rule 59(e) of the Federal Rules of Civil Procedure authorizes a motion to alter or amend a judgment after its entry. "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quotation marks omitted). The Court "has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e)." *Id.*

Under Rule 59(a) of the Federal Rules of Civil Procedure, "[t]he court may, on motion, grant a new trial on all or some of the issues—and to any party— . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court." A new trial is justified if the verdict is "against the great weight of the evidence," *Butler v. French*, 83 F.3d 942, 944 (8th Cir. 1996), and a new trial should be granted only where it is necessary to prevent a miscarriage of justice, *Bass v. General Motors Corp.*, 150 F.3d 842, 845 (8th Cir. 1998); *McKnight v. Johnson Controls, Inc.*, 36 F.3d 1396, 1400 (8th Cir. 1994). "In determining whether a verdict is against the weight of the evidence, the trial court can . . . weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." *White v. Pence*, 961 F.2d 776, 780 (8th Cir. 1992) (quotation marks omitted). "The court should reject a jury's verdict only where, after a review of all the evidence giving full respect to the jury's verdict, the court is left with a definite and firm conviction that the jury has erred." *Ryan v. McDonough Power Equip., Inc.*, 734 F.2d 385, 387 (8th Cir. 1984).

As an initial matter, Plaintiff appears to misapprehend the import of the Court's Order resolving the parties' post-trial motions following the first trial. In that Order, the Court addressed Defendant's—not Plaintiff's—motions for judgment at a matter of law, new trial, and remittitur. *See Hemmah*, 592 F. Supp. 2d at 1137. Accordingly, the Court did not hold that

Plaintiff had established actual injury as a matter of law, that is, that a reasonable jury would have been required to make a finding of actual injury. Instead, with respect to the existence of actual injury, the Court held only that a reasonable jury could have awarded damages for actual injury and that an award of damages for actual injury was not against the great weight of the evidence. The Order gave Plaintiff a clear choice between remittitur and a new trial on the issue of damages. *See id.* at 1146. Plaintiff chose a new trial on damages, and, while Plaintiff may disagree with the Court's decision to order a new trial, he cites no authority that suggests that the Court was required to limit the scope of the second trial in the manner he suggests. *Cf.* Fed. R. Civ. P. 59(a)(1) ("The court may, on motion, grant a new trial on all or some of the issues . . . .").[2]

In addition, to the extent Plaintiff seeks an order amending the judgment to award him $100,000.00 in damages, he identifies no basis on which the Court could award him the specific relief he requests. The Court may not order an increase in the second jury's damage award. *See Trinity Prods., Inc. v. Burgess Steel, L.L.C.*, 486 F.3d 325, 335 (8th Cir. 2007) ("[I]f the amount of damages was disputed, a grant of additur violates the losing party's Seventh Amendment right

---

[2] The Court questions whether it would have even been possible to limit the scope of the second trial as Plaintiff suggests. Though the local rules required Plaintiff to submit proposed jury instructions, *see* D. Minn. LR 39.1(b)(2), Plaintiff neglected to do so. *Cf. Morse v. S. Union Co.*, 174 F.3d 917, 926 (8th Cir. 1999) ("To properly preserve a claim of instructional error, a party must . . . propose an alternate instruction."). As a result, while Plaintiff argues that the Court should have instructed the jury that denial of a name-clearing hearing caused him actual injury and required an award of monetary damages, it is unclear what form the instruction would have taken. An instruction that Plaintiff had "suffered actual injury requiring an award of monetary damages" would likely have been too vague and confusing to be permissible. *See Aderans Co. v. Jablonski*, 787 F. Supp. 882, 885-86 (D. Minn. 1992) (indicating that a proposed special verdict form was properly rejected because it "was unwieldy and could have made the jury's task more difficult or confusing"). Alternatively, the Court could have instructed the second jury to return an award of damages in excess of some threshold amount. However, Plaintiff identifies no facts or legal principles that would enable the Court to ascertain any such minimum permissible damage award.

4

to a jury trial."). Moreover, the Court previously concluded that in this case a damage award of $100,000.00, based only on mental and emotional distress, cannot stand. *See Hemmah*, 592 F. Supp. 2d at 1145-46.

Regarding Plaintiff's request for a new trial on damages, the Court concludes that the second jury's verdict was not against the great weight of the evidence. While Plaintiff may have produced some evidence of mental or emotional distress, the Court is satisfied that a jury could have reasonably concluded that, for example, any such distress was not the result of denial of his request for a name-clearing hearing and instead had some other source, such as termination of Plaintiff's employment. Similarly, in light of the testimony regarding Plaintiff's opportunity to tell his story in the Red Wing newspaper, the jury could have reasonably concluded that a name-clearing hearing would not have had any additional ameliorative effect on any mental or emotional distress suffered by Plaintiff.

Finally, the Court rejects Plaintiff's contention that "the second Jury had no way of knowing or understanding that Hemmah had indeed suffered actual injury." Plaintiff had ample opportunity throughout the second trial to introduce evidence of actual injury. Indeed, that was the very point of the second trial. *See Hemmah*, 592 F. Supp. 2d at 1146 (stating that rejection of remittitur will result in "a new trial on the issue of damages"). Plaintiff identifies no evidence that he was prevented from presenting to the jury. In addition, the Court discerns no way in which the jury may have been prevented from awarding monetary damages had they believed damages were warranted by the evidence. The jury instructions permitted an award of monetary damages for actual injury, and Plaintiff requested a verdict of $300,000.00 in both his opening and closing arguments. Accordingly, the Court denies Plaintiff's motion.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Plaintiff's Motion for an Order Altering or Amending the Judgment to Correct a Clear Error of Law [Docket No. 140] is DENIED.

Dated: July 10, 2009

s/ Joan N. Ericksen<br>
JOAN N. ERICKSEN<br>
United States District Judge