UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Daniel Hemmah,

    Plaintiff,

v.                                                                      Civil No. 06-3887 (JNE/JJG)
                                                                      ORDER

City of Red Wing,

    Defendant.

On June 20, 2008, a jury found the City of Red Wing (City), Kay Kuhlmann, and Roger Seymour liable to Daniel Hemmah on Hemmah's claim under 42 U.S.C. § 1983 (2000) for deprivation of a liberty interest without due process, *i.e.*, failure to provide Hemmah with a name-clearing hearing after terminating his employment and disclosing stigmatizing accusations against him. The jury awarded Hemmah $250,000 in compensatory damages, $10,000 in punitive damages against Kuhlmann, and $5,000 in punitive damages against Seymour. The parties filed post-trial motions, which the Court resolved in an Order dated December 30, 2008. In that Order, the Court vacated the judgments against Kuhlmann and Seymour, limited Hemmah's damages to compensation for injuries suffered between May 2006 and August 2006, determined that the $100,000 in compensatory damages awarded by the jury for that period was excessive, and ordered Hemmah to choose between remittitur to $50,000 or a new trial on the issue of damages. The Court also noted that Hemmah's Motion for Attorneys' Fees and Costs under 42 U.S.C. § 1988 was premature because he could opt for a new trial. As a result, the motion "remain[ed] under advisement pending notification of Hemmah's position with regard to remittitur." Hemmah rejected remittitur. On January 30, 2009, Hemmah filed a notice of appeal. In an order dated February 20, 2009, the appellate court dismissed Hemmah's appeal for lack of appellate jurisdiction and entered judgment.

1

The jury in the second trial awarded Hemmah no damages. The Court entered final judgment in favor of Hemmah and against the City on May 29, 2009, awarding Hemmah one dollar in nominal damages. In an Order dated July 10, 2009, the Court denied Hemmah's Motion for an Order Altering or Amending the Judgment to Correct a Clear Error of Law. On July 24, 2009, both parties filed letters addressing Hemmah's ability to recover attorneys' fees and costs. Hemmah indicated that he believed his earlier motion for attorneys' fees remained pending and requested an award of reasonable fees. The City objected to the form and timeliness of Hemmah's request. Alternatively, if the Court allowed Hemmah to pursue attorneys' fees, the City requested "the opportunity to brief the legal issues regarding a party's entitlement to attorney fees where nominal damages are awarded in a civil rights case." On July 29, 2009, the Court granted Hemmah "leave to file and serve the documentation required by Local Rule 54.3(b)(1) or 54.3(b)(2) on or before August 14, 2009." The Court also directed Hemmah to "address whether determinations regarding fees and costs should be postponed until after any appeal." On August 12, 2009, Hemmah filed a Notice of Intent to Claim an Award of Attorney's Fees Pursuant to D. Minn. LR 54.3(b). In that filing, Hemmah also requested that the Court defer "a determination regarding fees and costs until after any appeal . . . ." On October 9, 2009, after the deadline for appeal had passed, the Court ordered Hemmah to move for attorneys' fees by October 16, 2009. Pursuant to an agreement of the parties, that deadline was extended until October 23, 2009. Instead of filing a motion for attorneys' fees, Hemmah filed a notice of appeal on October 21, 2009. The appellate court dismissed Hemmah's appeal for lack of jurisdiction in an order dated December 9, 2009. Hemmah moved for a rehearing en banc, which was denied on January 15, 2010. On January 17, 2010, Hemmah filed the instant motion for attorneys' fees.

Hemmah argues that his motion for attorneys' fees is not late because the Court lacked jurisdiction over this action during the pendency of his appeal. Thus, Hemmah reasons, the

deadline for filing the motion was extended until two days after the appellate court denied his petition for rehearing en banc. After a notice of appeal has been filed, however, a district court retains jurisdiction over the issue of attorneys' fees if that issue was not before the appellate court. *See Harmon v. United States*, 101 F.3d 574, 587 (8th Cir. 1996). In this case, the Court retained jurisdiction over the issue of attorneys' fees because the issue was not before the appellate court. Therefore, Hemmah's motion was due on October 23, 2009.

A court may, "for good cause," extend a deadline "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B) (2009). Hemmah has not filed a motion to extend the October 23, 2009, deadline. Moreover, even if he had filed such a motion, he has not established excusable neglect. In a letter to the Court, Hemmah indicates that he believed his January 30, 2009, notice of appeal "became effective upon the Court's subsequent entry of judgment on July 10, 2009." This explains why Hemmah did not file a timely notice of appeal. It does not, however, explain his failure to comply with the Order setting a date certain for the filing of a motion for attorneys' fees. The law with respect to a district court's retention of jurisdiction to address attorneys' fees while an appeal is pending is crystal clear. Ignorance of that law is not excusable neglect.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT Hemmah's Motion for Attorneys' Fees and Costs [Docket No. 157] is DENIED.

Dated: January 20, 2010

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge
