UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Daniel Hemmah,

    Plaintiff,

v.                                                                                                                       Civil No. 06-3887 (JNE/JJG)
                                                                                                                      ORDER

City of Red Wing,

    Defendant.

      This matter is before the Court on Daniel Hemmah's Motion to Alter or Amend an Order under Fed. R. Civ. P. 59(e), or for Relief from an Order under Fed. R. Civ. P. 60(b)(1). For the reasons discussed below, the Court denies Hemmah's motion.

      On June 20, 2008, a jury found the City of Red Wing (City), Kay Kuhlmann, and Roger Seymour liable to Hemmah on Hemmah's claim under 42 U.S.C. § 1983 (2000) for deprivation of a liberty interest without due process, *i.e.*, failure to provide Hemmah with a name-clearing hearing after terminating his employment and disclosing stigmatizing accusations against him. The jury awarded Hemmah $250,000 in compensatory damages, $10,000 in punitive damages against Kuhlmann, and $5,000 in punitive damages against Seymour. The parties filed post-trial motions, which the Court resolved in an Order dated December 30, 2008. In that Order, the Court vacated the judgments against Kuhlmann and Seymour, limited Hemmah's damages to compensation for injuries suffered between May and August 2006, determined that the $100,000 in compensatory damages awarded by the jury for that period was excessive, and ordered Hemmah to choose between remittitur to $50,000 or a new trial on the issue of damages. The Court also noted that Hemmah's July 12, 2008, Motion for Attorneys' Fees and Costs under 42 U.S.C. § 1988 was premature because he could opt for a new trial. As a result, the motion "remain[ed] under advisement pending notification of Hemmah's position with regard to

remittitur." Hemmah rejected remittitur. On January 30, 2009, Hemmah filed a notice of appeal. In an order dated February 20, 2009, the court of appeals dismissed Hemmah's appeal for lack of appellate jurisdiction and entered judgment.

The jury in the second trial awarded Hemmah no damages. The Court entered final judgment in favor of Hemmah and against the City on May 29, 2009, awarding Hemmah one dollar in nominal damages. In an Order dated July 10, 2009, the Court denied Hemmah's Motion for an Order Altering or Amending the Judgment to Correct a Clear Error of Law. On July 24, 2009, both parties filed letters addressing Hemmah's ability to recover attorneys' fees and costs. Hemmah indicated that he believed his July 2008 motion for attorneys' fees remained pending and requested an award of reasonable fees. The City objected to Hemmah's request, asserting that his July 2008 motion for attorneys' fees was not pending and that he had not filed a timely motion for attorneys' fees as required by Rule 54(d)(2) of the Federal Rules of Civil Procedure. Alternatively, if the Court allowed Hemmah to pursue attorneys' fees, the City requested "the opportunity to brief the legal issues regarding a party's entitlement to attorney fees where nominal damages are awarded in a civil rights case." The Court responded to the parties' letters in a July 29, 2009, Order. The Order noted that the "implication of the Court's December 30, 2008, Order was that, if Hemmah rejected remittitur, his motion for attorney fees and costs would be denied as premature and that he would have to file a new motion following the second trial." Nevertheless, because the Court never expressly denied Hemmah's motion, the Court granted Hemmah "leave to file and serve the documentation required by Local Rule 54.3(b)(1) or 54.3(b)(2) on or before August 14, 2009." The Court also directed Hemmah to "address whether determinations regarding fees and costs should be postponed until after any appeal." On August 12, 2009, Hemmah filed a Notice of Intent to Claim an Award of Attorney's

2

Fees Pursuant to D. Minn. LR 54.3(b). In that filing, Hemmah also requested that the Court defer "a determination regarding fees and costs until after any appeal [because] such a postponement will promote justice and efficiency."

On October 9, 2009, nearly two months after the deadline for appeal had passed, the Court ordered Hemmah to move for attorneys' fees by October 16, 2009. The Order expressly directed Hemmah to "file a motion for attorneys' fees accompanied by any necessary affidavits and a memorandum addressing his entitlement to attorneys' fees under *Farrar v. Hobby*, 506 U.S. 103 (1992), and *Jones v. Lockhart*, 29 F.3d 422, 423-24 (8th Cir. 1994) (applying Justice O'Connor's concurrence in *Farrar* to issue of fees)." Pursuant to an agreement of the parties, the deadline for filing the motion was extended to October 23, 2009. Instead of filing the required motion for attorneys' fees, Hemmah filed an untimely notice of appeal on October 21, 2009. The notice of appeal stated that Hemmah was appealing from the Order dated December 30, 2008; "from the Order dated October 9, 2009, stating that 'The deadline for Hemmah to [a]ppeal has passed'; and from the previous Orders of the district court granting in part Defendants' two motions for Summary Judgment." Hemmah's Form A List of Issues on Appeal stated in full:

> At the June 2008 trial, whether the jury's answers to special verdict questions and its award of $250,000 in compensatory damages and $15,000 in punitive damages were supported by legally sufficient evidence; whether at the June 2008 trial the trial court erred in finding that the individual defendants were entitled to qualified immunity; and whether the trial court erred in dismissing [Hemmah's] claims of defamation and implied contract at summary judgment.

The court of appeals dismissed Hemmah's appeal for lack of jurisdiction in an order dated December 9, 2009. Hemmah moved for a rehearing en banc, which was denied on January 15, 2010. On January 17, 2010, Hemmah filed a Motion for Attorneys' Fees and Costs under 42 U.S.C. § 1988. In a letter filed the same date, Hemmah explained that he mistakenly believed his

3

January 30, 2009, appeal had become effective after the Court issued the July 10, 2009, Order. Hemmah indicated that he had shown "good cause," and requested that the "Court allow the motion to be heard or otherwise considered." In an Order dated January 20, 2010, the Court determined that it had retained jurisdiction over the issue of attorneys' fees because that issue was not before the court of appeals. *See Harmon v. United States*, 101 F.3d 574, 587 (8th Cir. 1996). The Order further noted that Hemmah had not filed a motion to extend the October 23, 2009, deadline, and that even if he had, he had not established excusable neglect under Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure. Specifically, the Order stated:

> In a letter to the Court, Hemmah indicates that he believed his January 30, 2009, notice of appeal 'became effective upon the Court's subsequent entry of judgment on July 10, 2009.' This explains why Hemmah did not file a timely notice of appeal. It does not, however, explain his failure to comply with the Order setting a date certain for the filing of a motion for attorneys' fees. The law with respect to a district court's retention of jurisdiction to address attorneys' fees while an appeal is pending is crystal clear. Ignorance of that law is not excusable neglect.

Accordingly, the Court denied Hemmah's motion as untimely. Four days later, Hemmah filed the instant motion to alter or amend the January 20 Order under Rule 59(e) of the Federal Rules of Civil Procedure or for relief from that Order pursuant to Rule 60(b)(1). Hemmah appealed the January 20 Order on February 16, 2010.[1] Having received a response from the City, the Court now considers Hemmah's motion.

*Rule 59(e)*

The parties do not address whether Rule 59(e) applies to an order denying a motion for attorneys' fees. *See Reyher v. Champion Int'l Corp.*, 975 F.2d 483, 488 (8th Cir. 1992) ("[A]

---

[1] Hemmah's appeal of the Order does not divest the Court of jurisdiction to consider his motion. *See Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004) ("Our case law . . . permits the district court to consider a Rule 60(b) motion on the merits and deny it even if an appeal is already pending in this court."); *Flieger v. Delo*, 16 F.3d 878, 882 (8th Cir. 1994) ("A notice of appeal filed while a Rule 59(e) motion is pending is a nullity.").

4

postjudgment motion for an attorney's fee award is not subject to Rule 59's ten-day time limit because 'it raises legal issues collateral to the main cause of action—issues to which Rule 59(e) was never intended to apply.'" (quoting *White v. N.H. Div. of Employment Sec.*, 455 U.S. 445, 451 (1982)).  Nevertheless, even if Hemmah's motion is proper, he is not entitled to relief. "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quotation marks omitted).  Hemmah argues that the Court's determination that it retained jurisdiction over the issue of attorneys' fees was a manifest error of law because Hemmah referred to the October 9, 2009, Order in his notice of appeal.  The reference to the October 9 Order, however, was limited to one sentence of the Order indicating that Hemmah's deadline to appeal had passed.  Moreover, Hemmah's Form A List of Issues on Appeal did not identify the October 9 Order or refer to the issue of attorneys' fees.  In short, the issue of attorneys' fees was not before the court of appeals in any respect.  Therefore, the January 20, 2010, Order contained no manifest error of law, and Hemmah's motion is denied to the extent it seeks relief pursuant to Rule 59(e).

*Rule 60(b)(1)*

Rule 60(b)(1) permits a court to "relieve a party or its legal representative from a final judgment, order, or proceeding for . . . excusable neglect."  "The term 'excusable neglect' in this context is generally understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005) (per curiam) (quotation marks omitted).  The excusable neglect inquiry is equitable and takes into account "'all relevant circumstances surrounding the party's omission.'" *Gibbons v. United States*, 317 F.3d 852, 854 (8th Cir. 2003) (quoting *Pioneer Inv. Servs. Co. v.*

5

*Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).  To determine whether neglect was excusable, a court considers (1) the movant's explanation for the delay, including whether the reason for the delay was within his reasonable control; (2) whether the movant acted in good faith; (3) the length of the delay and its potential effect on the judicial proceedings; and (4) the danger of prejudice to the nonmoving party.  *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 866-67 (8th Cir. 2007) (citing *Pioneer*, 507 U.S. at 395).  The reason for the delay is the most salient factor.  *Id.* at 867 (citing *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000)).  Nonetheless, "even without a satisfactory explanation, relief may be required where other equitable considerations weigh strongly in favor" of granting relief.  *Feeney v. AT&E, Inc.*, 472 F.3d 560, 563 (8th Cir. 2006) (citing *Union Pac. R.R. Co. v. Progress Rail Servs. Corp.*, 256 F.3d 781, 783 (8th Cir. 2001)).

Here, Hemmah's mistaken belief that his October 21, 2009, notice of appeal divested the Court of jurisdiction to consider the issue of attorneys' fees does not constitute excusable neglect.  *Noah*, 408 F.3d at 1045 ("Neither a mistake of law nor the failure to follow the clear dictates of a court rule constitutes excusable neglect.").  Moreover, the Court cannot credit Hemmah's assertion that he "had a good faith belief that the Court would permit him to file his motion for attorneys' fees after his appeal had run its course" in light of his August 2009 request that the issue of attorneys' fees await resolution of any appeal.  The October 2009 Order unambiguously required Hemmah to file a motion for attorneys' fees by a *date certain*.  If Hemmah believed that he could take matters into his own hands and extend that deadline without Court permission by filing an untimely notice of appeal, that belief was unreasonable.  Hemmah had two options.  He could have requested an extension of the October 23, 2009, deadline while his appeal was pending or he could have filed a timely motion for attorneys' fees.  Hemmah

inexplicably did neither.  Accordingly, Hemmah has offered no reasonable basis for failing to meet the October 23, 2009, deadline for filing a motion for attorneys' fees.

The other factors do not weigh strongly in favor of granting relief.  First, Hemmah knew that the Court had imposed a deadline for him to file a motion for attorneys' fees, and he does not contend that he was unable to comply with that deadline.  Thus, Hemmah's failure to file the required motion for attorneys' fees reflects a "blatant disregard for the deadlines and procedure imposed by the court," and indicates that he did not act in good faith.  *Guidant Corp.*, 496 F.3d at 867.  Second, this action has been ongoing for well over three years and has occupied substantial judicial time and resources.  The Court attempted to bring the action to a final resolution through the briefing schedule set forth in the October 9, 2009, Order.  That attempt failed.  Further prolongation of this action would contravene the Court's duty to ensure the expeditious resolution of disputes and would have an adverse effect on the judicial proceedings.  *Cf.* Fed. R. Civ. P. 1 (requiring Federal Rules of Civil Procedure to be "administered to secure the just, speedy, and inexpensive determination of every action and proceeding").  Third, as a result of Hemmah's actions, the City not only had to seek dismissal of Hemmah's belated appeal, it has been left in limbo, not knowing when or whether Hemmah intended to file a motion for attorneys' fees or whether the Court would permit such a motion.  It would be unduly prejudicial to the City to now permit Hemmah to file a motion for attorneys' fees that should have been filed months ago.  Accordingly, Hemmah has not established excusable neglect, and his motion is denied to the extent it is based on Rule 60(b).

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Hemmah's Motion to Alter or Amend an Order under Fed. R. Civ. P. 59(e), or for Relief from an Order under Fed. R. Civ. P. 60(b)(1) [Docket No. 165] is DENIED.

Dated: March 22, 2010

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge
